## Com. of Pa. Dept. of Trans. v. Conroy

*Harold H. Cramer*, for appellant.
*Robert M. DiOrio*, for appellee.

DIGGINS, *S.J.*, August 18, 1982—This matter is before the court on an appeal of driver's license suspension which resulted from the May, 1981 conviction of Frank P. Conroy (hereinafter Appellant) for the violation of 75 Pa.C.S.A. §1543, driving while his operating privilege was suspended. Appellant's original license suspension resulted from a failure to respond to a traffic violation occurring in Philadelphia in August, 1978. In May, 1980 the Department of Transportation received notification of appellant's failure to respond and sent a notice to appellant that effective July 31, 1980 his license was being suspended. The notice of license suspension was sent to 914 South Avenue, Clifton Heights, the address which the department had for appellant, but from which he had moved in May, 1978. Testimony by appellant and his wife indi-

cates that the department had been notified of the change of address in July of 1978, 1980, and 1981, that the department had corrected the address for Mrs. Conroy immediately but that appellant's address correction had not been accomplished until sometime after May, 1981. Appellant continued to drive during the period from May, 1978, to July, 1981 with a drivers license which reflected an incorrect address. In August, 1980 appellant was cited by the Springfield Police Department for operating a car while his driving privileges were suspended, and after conviction in May, 1981 appellant was notified in October, 1981 that his operating privileges would be revoked effective November 13, 1981 for six months.

Section 1540(b) of the Vehicle Code, 75 Pa.C.S.A. §101 et seq., requires the Department of Transportation to notify in writing any person whose operating privileges have been suspended to surrender his driver's license to the department for the term of the suspension. Section 1543(a) of the Vehicle Code provides that any person who drives a motor vehicle at a time when the operating privilege is suspended is guilty of a summary offense.

Appellant avers that he first became aware that his operating privileges had been suspended in August, 1980 when he was cited for driving while under suspension, and contends that actual notice of the suspension is necessary to be guilty of violating §1543 of the Vehicle Code. In Commonwealth v. Kane, 460 Pa. 582, 22 A. 2d 925 (1975), where there had been a discrepancy between the address typed in two places in the certified records, the Supreme Court of Pennsylvania held that an officially certified copy of the appellant's record, which indicated that a notice had been sent, was

insufficient to establish one of the essential elements, that is, actual notice of his suspension. We are of the opinion that where notice has been sent by the Department of Tranportation, the normal inference that notice was received will satisfy the requirement of notice, but where, as here, there is evidence that the notice was not received due to an administrative error, defendant can not be found guilty of driving a motor vehicle while the operating privilege is suspended. The totality of defendant's evidence supports and requires an order sustaining the appeal.

Therefore we enter the following

## ORDER

And now, August 17, 1982, after hearing testimony and reviewing the relevant case law, defendant's appeal from license suspension is sustained.